IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-10-00028-CV

 

Sanger School Foundation, Inc.,

                                                                                    Appellant

 v.

 

City of Waco, Texas,

                                                                                    Appellee

 

 



From the 74th District Court

McLennan County, Texas

Trial Court No. 2008-3927-3

 



ORDER OF REFERRAL TO MEDIATION










 

            Pursuant to Rules 42.3 and 44.3 of the
Texas Rules of Appellate Procedure, the parties are notified that this case is
subject to dismissal because it appears the appeal is of an interlocutory
order.  The Court notes that the issues/claims of Sanger School Foundation,
Inc. do not appear to have been resolved by the trial court’s order signed on December 17, 2009.  Further, the order appears to be interlocutory in that it contemplates
further orders by the trial court, such as the assessment of tear down and removal
cost, if incurred, by the City of Waco.  

            Further, the question regarding the
authority of counsel to represent Sanger School Foundation, Inc. was raised by
the City of Waco shortly before the appeal was filed but was not resolved. 
Because the question of counsel’s authority will require an evidentiary
hearing, this proceeding must be abated.  

            However, before we abate this appeal
for resolution of these issues, we find that this appeal is appropriate for
mediation.  See Tex. Civ. Prac.
& Rem. Code Ann. § 154.021(a) (Vernon 2005); 10th Tex. App. (Waco) Loc. R. 9.

            The Court assigns the Honorable
Phillip Zeigler as the mediator for this appeal.  His address and telephone number
are as follows:

620 E. Leon Street

Gatesville, TX 76528

(254) 865-7255

 

            Mediation must occur within thirty
days after the date of this order.

            No less than seven calendar days
before the first scheduled mediation session, each party must provide the
mediator and all other parties with an information sheet setting forth the
party’s positions about the issues that need to be resolved.  At or before the
first session, all parties must produce all information necessary for the
mediator to understand the issues presented.  The mediator may require any
party to supplement the information required by this Order.

            Named parties must be present during
the entire mediation process, and each corporate party must be represented by a
corporate employee, officer, or agent with authority to bind the corporate
party to settlement.

            Immediately after mediation, the
mediator must advise this Court, in writing, only that the case did or did not
settle and the amount of the mediator’s fee paid by each party.  The mediator’s
fees will be taxed as costs.  Unless the mediator agrees to mediate without fee,
the mediator must negotiate a reasonable fee with the parties, and the parties
must each pay one-half of the agreed-upon fee directly to the mediator.

            Failure or refusal to attend the
mediation as scheduled may result in the imposition of sanctions, as permitted
by law.  

            Any objection to this Order must be
filed with this Court and served upon all parties within ten days after the
date of this Order, or it is waived.

            We refer this appeal to mediation. 

            The appeal and all appellate deadlines
are suspended as of the date of this Order.  The suspension of the appeal is
automatically lifted when the mediator’s report to the Court is received.  If
the matter is not resolved at mediation, any deadline that began to run and had
not expired by the date of this Order will begin anew as of the date the
mediator’s report to the Court is received.  Any document filed by a party
after the date of this Order and prior to the filing of the mediator’s report
will be deemed filed on the same day, but after, the mediator’s report is
received.

 

                                                                        PER
CURIAM

Before
Chief Justice Gray,

            Justice
Reyna, and

            Justice
Davis

            (Justice
Davis concurring with a note) *

Appeal
abated

Order
issued and filed April 14, 2010

 

 

            *
“(Justice Davis concurs in the abatement and referral to mediation only.)”